UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARLTON D. MALONE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAMILTON CENTER, INC., )<br>)<br>Defendant. )<br>) | Cause No. 2:14-cv-332-WTL-WGH |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on the motion for summary judgment filed by Defendant Hamilton Center, Inc. (Dkt. No. 26). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below. The Court also **GRANTS** the Plaintiff's motion to accept his belated opposition to the motion for summary judgment (Dkt. No. 34) and has considered the Plaintiff's response in making the instant motion.

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue

may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to 'scour the record in search of evidence to defeat a motion for summary judgment.'" *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001) (citation omitted).

## II. **FACTS**

The following facts are recited in the Defendant's Statement of Undisputed Material Facts and supported by citation to evidence in the record. While the Plaintiff purports to dispute some of these facts in his response, he cites to no evidence that supports his contrary allegations. Because "[a]t the summary judgment stage of a proceeding, a plaintiff must 'put up or shut up' and show what evidence he has that would convince a trier of fact to accept his version of events," *Olendzki v. Rossi*, 765 F.3d 742, 749 (7th Cir. 2014), and the Plaintiff has pointed to no such evidence, each of the properly supported facts set forth by the Defendant in its statement of undisputed facts is, in fact, undisputed for purposes of this ruling.

Defendant Hamilton Center is a regional behavioral health system that provides mental health services to children, adolescents, and adults. In October 2013, Hamilton Center posted an opening and began accepting applications for a part-time Administrative Assistant position. Hamilton Center received more than eighty applications for this position. Hamilton Center employees Kay Skinner and Angel Fisher decided which applicants to interview and eventually who to hire for the position. Skinner and Fisher reviewed applications, first eliminating from consideration for hire applicants who submitted incomplete applications, appeared to have pay expectations above the position's pay range,

or did not express interest in a part-time position, and then next looking for applicants to advance in the hiring process who appeared to meet the minimum requirements and preferences of the position such as typing skill, filing capability, skill in Word, Access, and Excel, previous clerical experience, and work experience in human resources.  Among the applicants was Karen Eldridge, whose application indicated she would be willing to work part-time and in reception, provided information about her clerical skills including typing proficiency and speed, filing capabilities, ability to operate the copy machine, and proficiency in Microsoft Office, and stated work experience that included several years working as a Human Resources Generalist for the Rockville Correctional Facility.  After conducting interviews, Skinner and Fisher decided that Eldridge was the most qualified applicant and hired her for the part-time Administrative Assistant position.

On November 5, 2013, Malone submitted an application to Hamilton Center that sought employment as an Administrative Assistant or Office Manager.  Hamilton Center did not have an Office Manager position open at the time, and Malone's application was received on the day after Hamilton Center concluded interviews for the Administrative Assistant position.  In addition, his application indicated interest only in a full-time position (whereas the Administrative Assistant position was part-time), and was incomplete in many important respects—for example, it did not list his employment history or identify whether he had the desired clerical skills.  Malone was not called for an interview.

In February 2014, Hamilton Center began accepting applications for a Healthy Families Specialist position.  At the time, Hamilton Center had two such vacancies—one in Vigo County and the other in Sullivan/Greene Counties.  Shortly after posting the Vigo County position, however, Hamilton Center decided to remove the posting and not hire

anyone for the position at that time because the case load in Vigo County did not merit adding a position there.

In February and March 2014, Hamilton Center received approximately thirty applications for the remaining Healthy Families Specialist position. Margie Grayless was the Hamilton Center manager responsible for filling position. Grayless reviewed applications to select candidates for interviews and paid particular attention to information applicants provided such as desired salary, location preference, and experience in the requirements or preferences for the role, such as those who had experience working with children and/or families. Grayless generally disregarded applicants who identified a significantly higher salary expectation than the $10.75 per hour the job would pay or who did not identify Sullivan County or Greene County as a location preference.

On February 21, 2014, Malone submitted an application to Hamilton Center applying for a Healthy Families Specialist position. Malone's application requested a salary of $15 per hour, nearly 50% more than the position paid, and only listed Terre Haute/Vigo County as a preference. Malone was not selected for further consideration in the hiring process.

On March 2, 2014, Darcie Wall submitted an application for a Healthy Families Specialist position. Wall listed a desired salary of $7.50 per hour and a preference to work in Sullivan County. Wall's application indicated that she had CPR training, had experience as a teacher's aide, and had experience working in a school corporation in some capacity since 2004, including experience working with children and their parents. Grayless decided that Wall was the most qualified applicant for the Healthy Families Specialist position and hired her.

Hamilton Center's employment application did not ask for information regarding applicants' age, race, or protected activities, and Malone did not voluntarily disclose such

4

information on his application or even discuss his applications with anyone at Hamilton Center.

Hamilton Center's CEO Melvin Burks was not involved in the hiring process for the positions for which Malone applied. Those who made the decisions did not consider race, age, or engagement in protected activity when reviewing applications or making the hiring decisions.

### III.  DISCUSSION

Malone alleges that Hamilton Center CEO Burks was unhappy with certain protected activities Malone has participated in[1] and retaliated against him for those activities by causing Hamilton Center not to hire him.  Malone points to no evidence from which a reasonable jury could determine that Burks had any knowledge of Malone's applications for positions at Hamilton Center or any role in the decision not to hire Malone.  Indeed, during his deposition he conceded that he had no evidence to support that assertion, but rather "could only assume that he was involved in the hiring process" because of his position as CEO.  Dkt. 27-4 at 9-10.   This speculation is not sufficient to create an issue of material fact.  *See, e.g., Carothers v. County of Cook*, ___ F.3d ____, 2015 WL 9268078 at *10 (7th Cir. Dec. 21, 2015) (citing *Ripberger v. Corizon, Inc.,* 773 F.3d 871, 882 (7th Cir. 2014) (finding that plaintiff could not establish causation for retaliation claim when she "provided nothing beyond her own speculation that [her superintendent] had some 'say so' in the decision-making")); *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014) ("'[I]nferences that are supported by only speculation or conjecture will not defeat a summary judgment motion.'") (quoting *Tubergen v. St. Vincent*

---

[1] The Court assumes, without deciding, that the activities in question—none of which related to the Hamilton Center—qualify as "protected activities" for purposes of Malone's retaliation claim.

5

*Hosp. & Health Care Ctr., Inc.,* 517 F.3d 470, 473 (7th Cir. 2008)). Further, Malone's "pro se status doesn't alleviate his burden on summary judgment."[2] *Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011).

Malone also asserts that Hamilton Center did not hire him because of his race and his age. Again, however, Malone points to no evidence to support that claim. In his deposition, he stated that the reason he believes he was discriminated against on the basis of his race is that the people who were hired for the positions instead of him were Caucasian (he is African American). Dkt. 27-4 at 17-18. That fact, alone, is not sufficient to support a race discrimination claim for several reasons, including the fact that Malone has offered no evidence that the people who were hired were otherwise similarly situated to him—that is, that he was equally qualified for each job as the person whom Hamilton Center hired. *See, e.g., Sweatt v. Union Pacific R. Co.*, 796 F.3d 701, 709 (7th Cir. 2015) (to be similarly situated, individual must be "directly comparable to the plaintiff in all material respects") (citation omitted). Similarly, the only reason Malone gives for believing that he was not hired due to his age is his belief that "the average age of individuals that are hired by Hamilton Center" is under 40. Dkt. 27-4 at 18-19. Malone offers no evidence to support that allegation, and even if he did, that fact, alone, would not be sufficient to support Malone's age discrimination case. *See, e.g., Matthews v. Waukesha County*, 759 F.3d 821, 829 (7th Cir. 2014) ("As an individual rather than a class action, we have held that evidence of a pattern or practice can only be collateral to evidence of specific discrimination against the plaintiff herself.").

---

[2]The Court notes that Malone was provided with the notice required by Local Rule 56-1(k) that set forth his obligations in responding to the motion for summary judgment and the consequences of failing to file a proper response.

Hamilton Center has offered non-discriminatory reasons—supported by evidence—why Malone was not hired for the jobs for which he applied. Malone offers nothing more than his own speculation that those reasons are false and that he was, in fact, not hired because of his race, his age, and/or his participation in protected activity. Accordingly, the Hamilton Center is entitled to summary judgment on all of Malone's claims.

## IV.  CONCLUSION

For the reasons set forth above, Hamilton Center's motion for summary judgment is **GRANTED** as to all of Malone's claims.  Judgment will be entered accordingly.

SO ORDERED: 1/25/16

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Carlton D. Malone**
**2390 7th Ave.**
**Terre Haute, IN  47803**

Copies to all counsel of record via electronic notification